

SO ORDERED.

SIGNED this 30th day of September, 2014.

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES FRANCIS PATERNO, JR. ) | Case No. 14-80278 |
| And JACQUELYN NYE PATERNO, ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| _____) | |

### AMENDED ORDER ON THE LIMITED OBJECTION TO SECOND APPLICATION FOR COMPENSATION AND EXPENSES

This matter came before the Court upon the Second Application of James C. White and the Law Office of James C. White, P.C. ("White") as Counsel for Charles and Jacquelyn Paterno (the "Debtors") seeking Allowance of Interim Compensation and Reimbursement of Expenses (the "Second Application") and upon the Limited Objection to the Second Application filed by Creditor ArborOne, ACA (the "Objection").  All interested parties having received due and proper notice of the hearing and an opportunity to be heard, upon consideration of pleadings, the arguments of counsel, the record in this case, and for good cause otherwise shown, the Court makes the following findings and conclusions:

The Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 14, 2014.  An Application for Employment of Attorney was filed on March 17, 2014, pursuant to

11 U.S.C. §§ 327, 329 and 1107(a) requesting authorization from the Court to employ White as Debtors' counsel.  On April 15, 2014, an order was entered granting the application to employ White.  White filed the Second Application seeking allowance of compensation of $8,815.00 and reimbursement of expenses of $259.00 for the period April 17, 2014 through June 30, 2014.  The Bankruptcy Administrator gave notice prior to the hearing that the Bankruptcy Administrator reviewed the application and had no objection.  Following the hearing and at the request of the Court, the Bankruptcy Administrator filed a Response to the Second Application and Objection (the "Response").  In addition, the Creditor, ArborOne, ACA ("ArborOne"), filed a Supplement to the Objection (the "Supplement").  On September 16, 2014, an Order Approving Second Application for Compensation and Expenses was entered; this Order authorized the interim compensation and expenses to be paid from the debtor-in-possession account and reserved the question of ArborOne's objection.

ArborOne raises two issues with regard to the payment of the interim compensation of Debtors' counsel in the Objection and the Supplement.  ArborOne objects to any use of non-exempt estate property for the payment of the balance owed White after the application of the retainer. Specifically, ArborOne asserts that in the case of an individual Chapter 11 debtor, the debtor may not use non-exempt funds for the payment of professional fees prior to confirmation of a Chapter 11 plan.  In addition, ArborOne urges the Court to withhold authorization for disbursement of the interim compensation in light of the possibility of conversion of the Debtors' Chapter 11 case to Chapter 7.

Payment from the bankruptcy estate for fees for professional services, including attorney's fees incurred by a Chapter 11 debtor in possession, is authorized by § 330 of the Bankruptcy Code.  11 U.S.C. § 330 (2014); *Pope v. Vu (In re Vu)*, 336 B.R. 511, 515 (D. Md.

2007).  Pursuant to § 330(a)(1), after notice and a hearing, the Court may award Debtors' counsel reasonable compensation for actual, necessary services and reimbursement for actual, necessary expenses.  In accordance with § 330(a)(4)(A), the Court reviews the application for compensation for Debtors' counsel for services in the Chapter 11 case that are "reasonably likely to benefit the debtor[s'] estate" or "necessary to the administration of the case."[1] 11 U.S.C. § 330(a)(4)(A); *In re Kitts Dev., LLC*, 474 B.R. 712, 720 (Bankr. D.N.M. 2012).

Professional services provided for the personal benefit of the individual debtor rather than for the benefit of the estate may not be paid from the bankruptcy estate. For example, in an individual Chapter 11 case, the attorney retained as counsel for the debtor is not entitled to be compensated by the estate for time spent dealing with exempt property, as such services would not provide benefit to the estate.  *In re Hanson*, 172 B.R. 67, 73 (B.A.P. 9th Cir. 1994) ("Those courts which have considered the matter have held that services rendered in defending exemptions are not for the benefit of the estate.") (citations omitted); *In re Gaudette*, 268 B.R. 322 (Bankr. D.N.H. 2001) (holding that services attorney performed for debtor in defending debtor's claim of exemption and related issues were of no benefit to the estate and would not be compensable from the debtor's estate).

ArborOne has not specifically objected to any charges included in the Second Application. The Bankruptcy Administrator has identified one charge in the amount of $195.00 billed for the Debtors' exemption defense, which should be paid from exempt assets of the

---

[1] 11 U.S.C. § 330 (a)(4)(A) provides:
    Except as provided in subparagraph (B), the court shall not allow compensation for –
        (i)     Unnecessary duplication of services; or
        (ii)    Services that were not –
                (I)     Reasonably likely to benefit the debtor's estate; or
                (II)    Necessary to the administration of the case.

Debtors, not property of the estate.[2]  The Court has reviewed the Second Application and finds that the remainder of the time billed in the Second Application was in connection with services that conferred a benefit to the estate rather than a benefit to the individual Debtors.

With regard to ArborOne's second point, the withholding of payment of compensation to White at this time, the Debtors' counsel has applied for such interim compensation in this Chapter 11 case pursuant to § 331:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.  Section 331 provides that the payment of interim compensation to professionals is in the discretion of the Court.  The Debtors filed a plan of reorganization and disclosure statement on September 26, 2014.  As noted in the Response by the Bankruptcy Administrator, it does not appear at this time that this case is administratively insolvent, nor are there accrued administrative obligations of higher or equal priority which have not yet been paid.  In addition, any award of interim compensation pursuant to § 331 is subject to disgorgement. *In re Appalachian Start Ventures, Inc.*, 341 B.R. 222, 225 (Bankr. E.D. Tenn. 2006) ("Therefore, [the Debtor's attorneys'] compensation was an award of interim compensation pursuant to section 331 and thus is subject to disgorgement."); *In re Specker Motor Sales Co.*, 289 B.R. 870, 872 (Bankr. W.D. Mich. 2003) ("We agree that disgorgement is discretionary under § 331 because the allowance of compensation is always discretionary. . . . In addition, interim

---

[2] Pursuant to 11 U.S.C. § 1115(a)(2), property of the estate of the individual Chapter 11 debtors includes earnings from services performed by the debtors after the commencement of the case but before the case is closed, dismissed, or converted.  The July Monthly Operating Report of the debtors-in-possession shows income from pension and rental income but no "earnings from services performed by the debtor" as set forth in § 1115(a)(2).

4

allowances are interlocutory in nature and are always subject to the court's re-examination and adjustment during the course of a case.") (citations omitted), *aff'd*, 300 B.R. 687 (W.D. Mich. 2003), *aff'd*, 393 F.3d 659 (6th Cir. 2004).

In light of the current posture of this case and the interlocutory nature of the interim compensation award, the Court determines that it is appropriate to overrule ArborOne's Objection to the Second Application.

It is therefore ORDERED that:

The Limited Objection to Second Application For Compensation and Expenses of James C. White and the Law Office of James C. White, P.C. is overruled with the exception that $195.00 is to be paid from exempt assets. The interim compensation of $8,815.00 and reimbursement of expenses in the amount of $259.00 for the period April 17, 2014 through June 30, 2014, remains as awarded in the Order of this Court entered September 16, 2014.

END OF DOCUMENT

PARTIES TO BE SERVED

Charles and Jacquelyn Paterno
14-80278 C-11

Charles and Jacquelyn Paterno, Jr.
405 Meadowmont Lane
Chapel Hill, NC 27517

James C. White
P.O. Box 16103
Chapel Hill, NC 27516

Christine L. Myatt
Nexsen Pruet
701 Green Valley Rd. Suite 100
P.O. Box 3463
Greensboro, NC 27402

Joseph Vonnegut
Hutchens Law Firm
P.O. Box 2505
Fayetteville, NC 28302

Aspire Commodities
c/o Barry Hammond, Jr.
4141 Southwest Freeway, Suite 250
Houston, TX 77027

Aspire Commodities
Andrew Sasine
Keziah Gates
P.O. Box 2608
High Point, NC 27261

Matthew Phelan
Shapiro & Ingle
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Ocwen Loan Servicing
Mathias H. Hunoval
501 Minuet Lane Site 104-A
Charlotte, NC 28217

SunTrust Mortgage
Matthew Underwood
5121 Parkway Plaza Blvd. Suite 300
Charlotte, NC 28217